**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| ALAMEDA RESEARCH LTD. and FTX TRADING LTD., | Adv. Pro. No. 23-50444 (JTD) |
| Plaintiffs, | |
| -against- | |
| PLATFORM LIFE SCIENCES INC., LUMEN BIOSCIENCE, INC., GREENLIGHT BIOSCIENCES HOLDINGS, PBC, RIBOSCIENCE LLC, GENETIC NETWORKS LLC, 4J THERAPEUTICS INC., LATONA BIOSCIENCES GROUP, FTX FOUNDATION, SAMUEL BANKMAN-FRIED, ROSS RHEINGANS-YOO, and NICHOLAS BECKSTEAD, | |
| Defendants. | |

**CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

1. This Case Management Plan and Scheduling Order (this "CMO") shall apply in the above-captioned adversary proceeding.

---

[1]   The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively.  Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX.  The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

a. The term "Complaint" as used herein shall mean the complaint filed in the above-captioned adversary proceeding on July 19, 2023.

b. The term "Defendants" as used herein shall mean Platform Life Sciences Inc., Lumen Bioscience, Inc., Greenlight Biosciences Holdings, PBC, Riboscience LLC, 4J Therapeutics Inc., Latona Biosciences Group, Ross Rheingans-Yoo, Samuel Bankman-Fried and Nicholas Beckstead, who are all defendants in the above-captioned adversary proceedings.[2]

c. Defendants have waived or accepted service of process, including waiver of service pursuant to the Hague Convention for applicable Defendants.[3] Defendants reserve all rights, claims, and defenses, other than those relating to service of process or sufficiency of process.

2. Defendant Platform Life Sciences, Inc. shall have until September 15, 2023 to answer, move against, or otherwise respond to the Complaint.

a. Moving briefs, if any, shall be due on September 15, 2023;

b. Oppositions to any motion to dismiss shall be due on October 20, 2023; and

c. Replies shall be due on November 20, 2023.

2.1. Defendants Lumen Bioscience, Inc., Greenlight Biosciences Holdings, PBC, Riboscience LLC, 4J Therapeutics Inc., Latona Biosciences Group, Ross Rheingans-Yoo, Nicholas Beckstead, and Samuel Bankman-Fried shall have until October 31, 2023 to answer, move against, or otherwise respond to the Complaint:

a. Moving briefs, if any, shall be due October 31, 2023;

b. Oppositions to any motion to dismiss shall be due on November 30, 2023; and

c. Replies shall be due on December 21, 2023.

3. The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Court.

a. **Initial Disclosures.** Each party other than Samuel Bankman-Fried shall serve its initial disclosures required by Rule 26(a)(1) (BR 7026) no later than November 10, 2023.

---

[2] On September 6, 2023, The Debtors filed a Request for Default against Defendants FTX Foundation and Genetic Networks, which failed to respond to the Complaint. [D.I. 19; D.I. 20] On September 7, 2023 the Clerk filed Entries of Default against Defendants FTX Foundation and Genetic Networks. [D.I. 24; D.I. 25]

[3] Defendant Lumen Bioscience, Inc. filed a Special Limited Notice of Appearance on August 18, 2023. [D.I. 16] Thereafter, Plaintiffs effectuated service of process on Defendant Lumen Bioscience, Inc, on September 6, 2023, and Lumen Bioscience Inc. agreed to accept service of the Complaint.

Samuel Bankman-Fried shall serve his initial disclosures no later than fourteen (14) days after conclusion of briefing on his motion to dismiss, if any.

b. **Fact Discovery.**

   i.   The parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery on or after November 10, 2023.  Provided, however, that no such discovery requests shall be served by, or upon, Defendant Samuel Bankman-Fried until the date Defendant Samuel Bankman-Fried serves his Initial Disclosures.

   ii.  The parties may serve on non-parties subpoenas for documents pursuant to Rule 45 (BR 9016) on or after November 10, 2023.  The parties agree that the party or attorney who issues such a subpoena shall, within three business days of receipt of responsive materials, use best efforts to produce such materials to all other parties in the form in which they were received.

   iii. The parties shall substantially complete their production of documents in response to document requests served on or before February 16, 2024, by April 19, 2024 (it being understood that Parties will produce responsive materials on a rolling basis in advance of such date).  All later served document requests shall be responded to as provided in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

   iv.  The parties shall provide logs of documents withheld or redacted on privilege grounds by May 3, 2024.

   v.   Depositions shall begin no earlier than April 19, 2024, absent good cause. Deposition notices or non-party subpoenas seeking deposition testimony shall be served no less than 14 days prior to the deposition date.  The parties shall work to find mutually agreeable deposition dates wherever practicable.

   vi.  Fact discovery shall be completed by August 16, 2024.

c. **Expert Discovery.**

   i.   Parties will exchange topics on which they intend to have experts testify by August 26, 2024.

   ii.  Plaintiffs' initial expert reports shall be served by September 30, 2024.

   iii. Defendants' expert reports—including rebuttal reports in response to Plaintiffs' initial expert reports and expert reports on a subject not addressed in Plaintiffs' initial expert reports—shall be served by October 30, 2024.

      iv.      In the event that Defendants' expert reports address a subject not addressed in Plaintiffs' initial expert reports, Plaintiffs may serve a rebuttal expert report in response thereto by November 27, 2024.

      v.      All expert reports must satisfy the requirements of Bankruptcy Rule 7026.

      vi.      Expert depositions shall be completed by December 23, 2024.

  d. **Summary Judgment Motions.**

      i.      Motions for summary judgment shall be due no later than February 24, 2025.

      ii.      Oppositions to motions for summary judgment shall be due no later than March 24, 2025.

      iii.      Replies in support of summary judgment shall be due no later than April 24, 2025.

4. **Mediation.** Plaintiffs and the Defendants shall confer regarding appointment of a mediator. On or before September 1, 2024, the parties shall file a stipulation regarding appointment of mediator. If the parties fail to file such a stipulation by this date, the parties shall request a status conference with the Court to resolve the dispute. The parties shall meet and confer concerning procedures for the mediation. Unless otherwise agreed by the parties, the mediation shall be governed by Rule 9019-5 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"). Local Rule 9019-5(j) shall not apply to the mediation in this matter.

5. **Jurisdiction.** Nothing in this CMO shall be deemed a waiver of any Defendant's rights under Local Rule 9013-1(f) or other jurisdictional objections or objections to the extraterritorial application of certain law.

6. **Modification.** The parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

Date: _____, 2023
      Wilmington, Delaware

                                _____
                                  THE HONORABLE JOHN T. DORSEY
                                  UNITED STATES BANKRUPTCY JUDGE