# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD. et al.,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| ALAMEDA RESEARCH LTD. and FTX TRADING LTD.,<br><br>       Plaintiffs,<br><br>vs.<br><br>PLATFORM LIFE SCIENCES, INC., LUMEN BIOSCIENCE, INC., GREENLIGHT BIOSCIENCES HOLDINGS, PBC, RIBOSCIENCE LLC, GENETIC NETWORKS LLC, 4J THERAPEUTICS INC., LATONA BIOSCIENCES GROUP, FTX FOUNDATION, SAMUEL BANKMAN-FRIED, ROSS RHEINGANS-YOO, and NICHOLAS BECKSTEAD,<br><br>       Defendants. | Adv. Proc. Case No. 23-50444 (JTD) |

**Hearing Date: October 19, 2023 at 10:00 A.M. (ET)**
**Objections Due: September 29, 2023 at 4:00 P.M. (ET)**
**Reply Deadline: October 6, 2023 at 4:00 P.M. (ET)**

## MOTION OF PLATFORM LIFE SCIENCES, INC., A DELAWARE CORPORATION, TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM FOR RELIEF PURSUANT TO RULE 12(B)(6)

---

[1]  The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063 respectively. A complete list of the Debtors and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Platform Life Sciences Inc.,[2] a Delaware corporation ("PLS Delaware"), hereby moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims in this adversary proceeding asserted against PLS Delaware by Plaintiffs Alameda Research Ltd. ("Alameda") and FTX Trading Ltd. ("FTX Trading" and, together with Alameda, the "Plaintiffs"), on the basis that the Plaintiffs have failed to state a claim for relief against PLS Delaware.

## I.

## PRELIMINARY STATEMENT

1. By the Complaint, the Plaintiffs seek to claw-back, under the avoidance provisions of the United States Bankruptcy Code and Delaware state law, certain funds invested in or otherwise provided to PLS Delaware's Canadian corporate parent, Platform Life Sciences, Inc., a Canadian corporation ("PLS Canada"), in early to mid-2022 to aid in the development and implementation of medical clinical trials in developing nations.[3]

2. Plaintiffs acknowledge in the Complaint that PLS Canada and PLS Delaware are two separately incorporated entities.[4] Notwithstanding, Plaintiffs attempt to treat, without any support, these two separately incorporated entities as one and the same company – referencing simply "Platform Life Sciences, Inc." in the caption and throughout the Complaint itself. Plaintiffs have provided no basis whatsoever in the Complaint to treat these entities as a single entity or to

---

[2] Platform Life Sciences, Inc., a Delaware corporation, is now known as Purpose Life Sciences, Inc., a Delaware corporation.

[3] PLS Canada is now known as Purpose Life Sciences, Inc., a Canadian corporation. Concurrently herewith, PLS Canada has filed a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure based on a lack of personal jurisdiction over PLS Canada. In connection with PLS Canada's motion to dismiss, PLS Canada submitted the Declaration of Dr. Edward J. Mills, the Chief Executive Officer of PLS Canada (the "Mills Declaration"). The exhibits referenced in this Motion are attached to the Mills Declaration, authenticated thereby, and are incorporated herein by this reference.

[4] Complaint, ¶ 21.

attribute the actions of the parent corporation to its subsidiary. PLS Delaware had no involvement in the transactions at issue in this adversary proceeding and there are no allegations that would support the Plaintiffs' fraudulent transfer claims against PLS Delaware. In fact, the very documents and evidence on which the Plaintiffs' allegations are based demonstrate that PLS Delaware was *not* the corporate entity involved in the agreements and transfers underlying Plaintiffs' claims. Accordingly, the claims against PLS Delaware should be dismissed.[5]

## II.

## RELEVANT FACTUAL BACKGROUND[6]

3. PLS Canada is a corporation organized in British Columbia, Canada, on February 1, 2021.[7] PLS Delaware is a separate corporation incorporated in Delaware on March 31, 2022.[8]

4. On February 4, 2022, PLS Canada received the amount of $3.25 million, which was wired into its bank in Canada, the Canadian Imperial Bank of Commerce ("CIBC").[9] According to the Complaint, the source of these funds was Plaintiff FTX Trading.[10] The funds from Plaintiff FTX Trading were sent to PLS Canada.[11] There is no allegation in the Complaint that PLS Delaware had any involvement in the negotiations, agreement or receipt of the $3.25 million.

---

[5] PLS Delaware fully reserves any and all rights and defenses available to it in connection with this adversary proceeding.

[6] As discussed herein, each of the exhibits attached to this Motion are appropriately considered by the Court at this stage as they form the basis for the Plaintiffs' claims, and the information is known to the Plaintiffs and referenced in the Complaint, even if not attached to the Complaint.

[7] Complaint, ¶ 21.

[8] *Id.*

[9] A true and correct copy (redacted) of the CIBC bank statement reflecting this incoming wire transfer is attached hereto as Exhibit A. *See also* Mills Declaration, Exhibit 3.

[10] Complaint, ¶ 64.

[11] A true and correct copy of the CIBC statement of the incoming wire is attached hereto as Exhibit B. *See also* Mills Declaration, Exhibit 4.

3

5.      On May 2, 2022, PLS Canada and Latona Biosciences Group, a limited liability company organized under the laws of the Bahamas ("Latona") entered into a Simple Agreement for Future Equity ("SAFE").[12]

6.      On May 26, 2022, PLS Canada received the amount of $35 million, which was wired into its bank in Canada, CIBC.[13] According to the Complaint, the source of these funds was Plaintiff Alameda.[14] The funds from Plaintiff Alameda were sent to PLS Canada.[15] There is no allegation in the Complaint that PLS Delaware had any involvement in the negotiations, agreement or receipt of the $35 million.

7.      On June 6, 2022, PLS Canada and Latona entered into a Services Agreement.[16]

8.      On June 21, 2022, PLS Canada received the amount of $15 million, which was wired into its bank in Canada, CIBC.[17] According to the Complaint, the source of these funds was Plaintiff Alameda.[18] The funds from Plaintiff Alameda were sent to PLS Canada.[19] There is no allegation in the Complaint that PLS Delaware had any involvement in the negotiations, agreement or receipt of the $15 million.

---

[12]   Complaint, ¶ 66. A true and correct copy of the SAFE is attached hereto as Exhibit C. *See also* Mills Declaration, Exhibit 5.

[13]   A true and correct copy (redacted) of the CIBC bank statement reflecting this wire transfer is attached hereto as Exhibit D. *See also* Mills Declaration, Exhibit 6.

[14]   Complaint, ¶ 69.

[15]   A true and correct copy of the CIBC statement of the incoming wire is attached hereto as Exhibit E. *See also* Mills Declaration, Exhibit 7.

[16]   Complaint, ¶ 70. A true and correct copy of the Services Agreement is attached hereto as Exhibit F. *See also* Mills Declaration, Exhibit 8.

[17]   A true and correct copy (redacted) of the CIBC bank statement reflecting this wire transfer is attached hereto as Exhibit G. *See also* Mills Declaration, Exhibit 9.

[18]   Complaint, ¶ 71.

[19]   A true and correct copy of the CIBC statement of the incoming wire is attached hereto as Exhibit H. *See also* Mills Declaration, Exhibit 10.

4

9. In sum, there are no allegations in the Complaint that tie PLS Delaware to the challenged transactions. In fact, the underlying documentation relied on by the Plaintiffs for the claims in the Complaint demonstrate that PLS Delaware was neither a party to the underlying agreements at issue nor was it the entity receiving the funding.

## III.

## ARGUMENT

10. The Plaintiffs' lawsuit against PLS Delaware has been improperly commenced, as there is no basis to assert that PLS Delaware was involved in the acts underlying the fraudulent transfer claims asserted by the Complaint. No such allegations have been made and the documents on which the Plaintiffs' claims are based demonstrate that PLS Delaware was not involved in the challenged transactions. The Complaint, therefore, fails to state a cause of action against PLS Delaware and should be dismissed.

**A. The Complaint Does Not Assert a Claim Against PLS Delaware and the Motion to Dismiss Should Be Granted**

11. For purposes of reviewing a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3rd Cir. 2012) (citations omitted). The Court will disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3rd Cir. 2010) (citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to "state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.*

5

12. "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3rd Cir. 2010). A "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3rd Cir. 1997) (citations omitted). The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint – lack of notice to the plaintiff – is dissipated "where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." *Id.* "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." *Id.* Where allegations are disproved by the contractual documents relied upon the complaint, the complaint should be dismissed under Rule 12(b)(6). *Kahl v. United States Fire Ins. Co.*, 2023 U.S. Dist. LEXIS 146034, *14 (D.N.J. Aug. 21, 2023).

13. In this case, the Plaintiffs' allegations of fraudulent transfer against PLS Delaware (and related relief based thereon)[20] are based on funding made to PLS Canada, not to PLS Delaware. There are no allegations whatsoever in the Complaint tying PLS Delaware to the

---

[20] Count One (Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(A) – Against Lifesciences Defendants and Defendants FTX Foundation and Latona) (Complaint, ¶¶ 114-118).

Count Two (Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B) – Against Lifesciences Defendants and Defendants FTX Foundation and Latona) (Complaint, ¶¶ 119-124).

Count Three (Fraudulent Transfers Pursuant to Del. Code Ann. Tit. 6 § 1304(a)(1) and 11 U.S.C. § 544(b) – Against Lifesciences Defendants and Defendants FTX Foundation and Latona) (Complaint, ¶¶ 125-130).

Count Four (Fraudulent Transfers Pursuant to Del. Code Ann. Tit. 6 § 1304(a)(2) and 11 U.S.C. § 544(b) – Against Lifesciences Defendants and Defendants FTX Foundation and Latona) (Complaint, ¶¶ 131-138).

Count Five (Property Recovery Pursuant to 11 U.S.C. § 550(a)(1) – Against Lifesciences Defendants) (Complaint, ¶¶ 139-141).

Count Eight (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d) – Against All Defendants (Complaint, ¶¶ 151-153)

challenged transactions. To the contrary, the documents referenced in the Complaint in support of Plaintiffs' allegations – the SAFE Agreement and the Services Agreement (Exhibits C and F hereto) – demonstrate that PLS Delaware was **not** a party to the agreements. Moreover, the wire transfer information evidencing the transfers challenged by the Plaintiffs in the amounts referenced in the Complaint (Exhibits A, B, D, E, G and H hereto), demonstrate that PLS Delaware was **not** the entity receiving the transfers.

14. The fraudulent transfer allegations against PLS Delaware are disproved by the very documents integral to the Complaint, and relied upon by the Plaintiffs. PLS Delaware is not a proper defendant to this action. Therefore, the Complaint against PLS Delaware should be dismissed.

**B.      Any Amendment to the Complaint Would be Futile and the Court Should Dismiss the Complaint Against PLS Delaware Without Leave to Amend**

15. An amendment to a complaint is futile if it "will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways Inc.*, 863 F.2d 289, 292 (3rd Cir. 1988); *Miller v. Fallas (In re J & M Sales Inc.)*, 2022 Bankr. LEXIS 434, *12 (Bankr. D. Del. Feb. 22, 2022). The standard governing a futility analysis is same as the standard governing a Rule 12(b)(6) motion to dismiss. *Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 Fed. Appx. 377, 386-89 (3rd Cir. 2020) (finding that amendment would be futile where the complaint failed to "state a claim to relief that is plausible on its face" and would not survive a motion to dismiss); *see also Kundratic v. Thomas*, 407 Fed. Appx. 625, 629-630 (3rd Cir. 2011) (affirming district court's denial of a plaintiff's motion to amend where plaintiff failed to include additional facts sufficient to withstand a 12(b)(6) motion). Where a plaintiff has failed to sufficiently allege any facts as to why a defendant should be liable for the underlying claims, the matter should be dismissed. *See*

7

*Rivera v. Wal-Mart Stores, Inc.*, 2005 U.S. Dist. LEXIS 26140, *3-6 (E.D. Pa. Oct. 31, 2005) (dismissing action commenced against wrong defendant as between parent and subsidiary).

16. Providing the Plaintiffs with leave to amend the Complaint here would be futile. The evidence demonstrates that PLS Delaware was neither a party to the agreements nor the recipient of the funds of issue, and the Complaint provides no basis for naming PLS Delaware as a proper defendant in this action. Accordingly, the Plaintiffs' fraudulent transfer and related claims against PLS Delaware should be dismissed without leave to amend.

17. Pursuant to Local Rule 9013-1(f), PLS Delaware consents to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

Dated: September 15, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*
James E. O'Neill (DE Bar No. 4042)
Alan J. Kornfeld (CA Bar No. 130063*) (admitted pro hac)*
Debra I. Grassgreen (CA Bar No. 169978) (*admitted pro hac*)
Tavi C. Flanagan (CA Bar No. 169156) *(admitted pro hac)*
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  joneill@pszjlaw.com
        akornfeld@pszjlaw.com
        dgrassgreen@pszjlaw.com
        tflanagan@pszjlaw.com

*Counsel to Defendant Platform Life Sciences, Inc., a Delaware corporation, now known as Purpose Life Sciences, Inc., a Delaware corporation*