**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**



**JUDGE JOHN T. DORSEY**  **824 N. MARKET STREET**
 **WILMINGTON, DELAWARE**
 **(302) 533-3169**

December 20, 2023

Plaintiffs' and Defendant's counsel via CM/ECF

        Adv. Pro. No. 23-50444 (JTD)
Re:    Alameda Research Ltd. & FTX Trading Ltd. v. Platform Life Sciences Inc., et al.

Dear Counsel:

    This letter contains my ruling on defendant Platform Life Sciences Inc.'s ("**PLS Canada**")[1] Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure (the "Motion") (D.I. 35). For the reasons set forth below, the Motion is denied and plaintiffs' request for jurisdictional discovery is granted.

### Background

    Plaintiffs, Alameda Research Ltd. ("**Alameda**") and FTX Trading Ltd. ("**FTX**") initiated this adversary proceeding against, among other defendants, PLS Canada, in which they seek to avoid more than $71 million in transfers as fraudulent pursuant to Sections 544, 548, and 550 of the Bankruptcy Code. In its Motion, PLS Canada asserts that this Court does not have personal jurisdiction over it because it is a Canadian company without sufficient contacts in the U.S. In support of its Motion, it submitted the declarations of its CEO, along with supporting exhibits. In opposition to the Motion, plaintiffs submitted the declaration of Matthew B. McGuire, along with additional exhibits. Plaintiffs also requested jurisdictional discovery. A hearing was held on November 15, 2023, at which time PLS Canada's witness testified.

---

[1] Though the plaintiffs allege in the Complaint that PLS Canada operates in both Canada and Delaware, PLS Canada asserts that there are actually two separate entities: PLS Canada and its subsidiary, PLS Delaware. PLS Delaware has filed a separate motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) (Adv. D.I. 37).

**Discussion**

"Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person." *Gurmessa v. Genocide Prevention in Eth., Inc.*, Civil Action No. 21-869-RGA, 2022 U.S. Dist. LEXIS 31611, at *3 (D. Del. Feb. 23, 2022). "Although Rule 8 does not require a plaintiff to set forth in the complaint the grounds upon which the court has personal jurisdiction over the defendant, once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Id.* (internal quotations and citations omitted).

A plaintiff may meet this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum." *Mellon Bank PSFS, Nat'l Ass'n* v. *Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). The parties agree that in bankruptcy cases, the relevant forum for purposes of personal jurisdiction is the United States in general, not the state in which the bankruptcy court sits.[2] *See In re Tandycrafts, Inc.*, 317 B.R. 287, 289 (Bankr. D. Del. 2004).

A court's inquiry into due process requirements is guided by the "minimum contacts" test established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Under this standard, a plaintiff must show that a nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id*. at 316 (internal quotations and citation omitted); *see also Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). The focus of the minimum contacts analysis is "the relationship among the defendant, the forum, and the litigation," *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977), such that the defendant has fair warning that it may be subject to suit in that forum. *Marten*, 499 F.3d at 296. A foreign corporation is entitled to due process-based personal jurisdiction protections to the same extent as a United States citizen. *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F. 4th 226, 233.

A federal court must have one of two forms of personal jurisdiction to comport with these principles: either general jurisdiction or specific jurisdiction. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-15 (1984)).[3] "Specific jurisdiction arises when the particular cause of action arose from Defendant's activities within the forum state." *Gurmessa v. Genocide Prevention in Eth., Inc.*, Civil Action No. 21-869-RGA, 2022 U.S. Dist. LEXIS 31611, at *4-5 (D. Del. Feb. 23, 2022). "In contrast, general jurisdiction does not require Defendant's connections be related to the particular cause of action, but that Defendants have continuous or systematic contacts with the forum state." *Id.*

---

[2] Motion ¶ 21.

[3] Because the bankruptcy rules provide the statutory basis for personal jurisdiction, "the Court need not look to the Delaware long-arm statute, or the case law interpreting it, to determine whether it has personal jurisdiction." *In re AstroPower Liquidating Tr.*, 335 B.R. 309, 317 (Bankr. D. Del. 2005).

PLS Canada argues that the Court lacks personal jurisdiction over PLS Canada because the transactions at issue were between non-U.S. entities and occurred entirely outside of the U.S.  PLS Canada is neither incorporated, nor does it have a principal place of business, in the United States.  Rather, PLS Canada argues, "it is incorporated in, and exclusively does business from Canada" and its "sole tie to the United States is the existence of its wholly owned subsidiary [PLS Delaware,] that provides, through a third-party service provider, payroll and benefits to PLS Canada's approximately 11 employees working remotely from the U.S."[4]  In support of its Motion, PLS Canada offered the testimony of its CEO, Dr. Edward J. Mills.

Plaintiffs counter that PLS Canada maintains continuous and systematic contacts with the U.S., pointing to the fact that the majority of its leadership team and board members reside and work in the U.S., that it actively solicits employees to work in the U.S., boasts access to clinical trial sites in the U.S. and that its employees regularly publish articles and attend conferences in the U.S.[5]  In opposing the Motion, plaintiffs offered the declaration of Matthew McGuire, along with numerous exhibits that plaintiffs' counsel used to cross-examine Dr. Mills.

"Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'"  *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997).  "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained."  *Id.* (internal citations omitted).  Here, having considered the evidence submitted by both parties, I find that plaintiffs have presented competent evidence that PLS Canada has the necessary contacts with and is amenable to suit in the U.S. and that jurisdictional discovery is appropriate.[6]  The Motion is therefore denied, without prejudice, and may be renewed once such discovery is concluded.

The parties should confer and submit a form of order consistent with this ruling.

Sincerely,

John T. Dorsey, U.S.B.J.

---

[4] Motion at 12-13.

[5] Opposition at 1.

[6] Though at this stage of the case I must resolve any factual discrepancies in plaintiffs' favor, *see Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) ("It is well established that in deciding a motion to dismiss for lack of jurisdiction a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff."), it is worth noting that I would have resolved them in plaintiffs' favor here even absent the requirement to do so.  The evidence presented by PLS Canada was wholly unpersuasive, as its witness both contradicted himself and admitted multiple times on cross-examination that statements made in his declarations were incorrect, leaving me with no choice but to conclude that his testimony was not credible.