# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| | |
| ALAMEDA RESEARCH LTD. and FTX TRADING LTD., | Adv. Pro. No. 23-50444 (JTD) |
| Plaintiffs, | |
| -against- | |
| PLATFORM LIFE SCIENCES INC., LUMEN BIOSCIENCE, INC., GREENLIGHT BIOSCIENCES HOLDINGS, PBC, RIBOSCIENCE LLC, GENETIC NETWORKS LLC, 4J THERAPEUTICS INC., LATONA BIOSCIENCES GROUP, FTX FOUNDATION, SAMUEL BANKMAN-FRIED, ROSS RHEINGANS-YOO, and NICHOLAS BECKSTEAD, | |
| Defendants. | |

## <u>CASE MANAGEMENT PLAN AND SCHEDULING ORDER</u>

1. Plaintiffs and Defendants held a Rule 26(f) conference on January 12, 2024 during which they agreed that this Case Management Plan and Scheduling Order (the "CMO") shall apply in the above-captioned adversary proceeding.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

a. The term "Amended Complaint" as used herein shall mean the amended complaint filed in the above-captioned adversary proceeding on December 22, 2023 that removed certain words in paragraph 21 relating to Defendant Platform Life Sciences.

b. The term "Defendants" as used herein shall mean Latona Biosciences Group ("Latona"), Ross Rheingans-Yoo ("Rheingans-Yoo"), and Samuel Bankman-Fried ("Bankman-Fried").[2]

c. Defendants have waived or accepted service of process, including waiver of service pursuant to the Hague Convention for applicable Defendants.  Defendants reserve all rights, claims, and defenses, other than those relating to service of process or sufficiency of process.

d. On October 31, 2023, Defendants Ross Rheingans-Yoo and Latona filed an Answer to the original Complaint.  [D.I. 63]  Latona and Rheingans-Yoo need not file an answer to the Amended Complaint.

2. Defendant Samuel Bankman-Fried shall have until January 30, 2024 to answer, move against, or otherwise respond to the Amended Complaint.

a. Moving briefs, if any, shall be due on January 30, 2024;

b. Oppositions to any motion to dismiss shall be due on February 13, 2024; and

c. Replies shall be due on February 20, 2024.

3. The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Court.

a. **Initial Disclosures.**  Each party other than Defendant Samuel Bankman-Fried shall serve its initial disclosures required by Rule 26(a)(1) (BR 7026) no later than January

---

[2] On January 10, 2024, the Plaintiffs reached a settlement in principle with Defendant Platform Life Sciences, Inc. ("PLS") to resolve Plaintiffs' claims against PLS.  Because that settlement is subject to Bankruptcy Court approval, the Debtors intend promptly to file a Rule 9019 motion seeking approval of the settlement. Plaintiffs and PLS have agreed to hold in abeyance any discovery of PLS pending court approval of the settlement.

On November 1, 2023, the Court entered a Stipulation and Order staying the Adversary Proceeding as to defendants Lumen Bioscience, Inc., Greenlight Biosciences Holdings, PBC, Riboscience LLC, Genetic Networks LLC, 4J Therapeutics Inc. (together, the "Small Lifesciences Defendants"), and Nicholas Beckstead. [D.I. 64]  The Stipulation and Order further provides that the Small Lifesciences Defendants and Beckstead need not comply with any deadlines in any Case Management and Scheduling Order until Plaintiffs' claims asserted in the Adversary Proceeding against Latona and Rheingans-Yoo have been resolved or otherwise determined by final order of the Court, or unless Plaintiffs, the Small Lifesciences Defendants or Beckstead move to lift the Stay and that motion is granted, or the Court otherwise terminates the stay.  [D.I. 64]

On September 7, 2023, the Clerk filed an Entry of Default against Defendant FTX Foundation [D.I. 24; D.I. 25], after the Debtors filed a Request for Default against Defendant FTX Foundation, which failed to respond to the original Complaint.  [D.I. 19]

23, 2024.  Samuel Bankman-Fried shall serve his initial disclosures no later than February 7, 2024.

b. **Fact Discovery.**

    i.    The parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery on or after January 23, 2024.  Provided, however, that no such discovery requests shall be served by, or upon, Defendant Samuel Bankman-Fried until February 7, 2024.

    ii.    The parties may serve on non-parties subpoenas for documents pursuant to Rule 45 (BR 9016) on or after January 23, 2024.  The parties agree that the party or attorney who issues such a subpoena shall, within three business days of receipt of responsive materials, use best efforts to produce such materials to all other parties in the form in which they were received.

    iii.    The parties shall substantially complete their production of documents by April 3, 2024 (it being understood that the parties will produce responsive materials on a rolling basis in advance of such date).

    iv.    The parties shall provide logs of documents withheld or redacted on privilege grounds by April 24, 2024.

    v.    Depositions shall begin no earlier than April 3, 2024, absent good cause. Deposition notices or non-party subpoenas seeking deposition testimony shall be served no less than 14 days prior to the deposition date.  The parties shall work to find mutually agreeable deposition dates wherever practicable.

    vi.    Fact discovery shall be completed by July 3, 2024.

c. **Expert Discovery.**

    i.    The parties will exchange topics on which they intend to have experts testify by August 2, 2024.

    ii.    Plaintiffs' initial expert reports shall be served by September 3, 2024.

    iii.    Defendants' expert reports—including rebuttal reports in response to Plaintiffs' initial expert reports and expert reports on a subject not addressed in Plaintiffs' initial expert reports—shall be served by October 3, 2024.

    iv.    In the event that Defendants' expert reports address a subject not addressed in Plaintiffs' initial expert reports, Plaintiffs may serve a rebuttal expert report in response thereto by November 1, 2024.

    v.    All expert reports must satisfy the requirements of Bankruptcy Rule 7026.

        vi.      Expert depositions shall be completed by December 2, 2024.

   d.  **Motions.**

        i.      Motions for summary judgment shall be due no later than December 28, 2024.

        ii.     Oppositions to any such motions shall be due no later than January 28, 2025.

        iii.    Replies shall be due no later than February 28, 2025.

5.  **Jurisdiction.**  Nothing in this CMO shall be deemed a waiver of any Defendant's rights under Local Rule 9013-1(f) or other jurisdictional objections or objections to the extraterritorial application of certain law.

6.  **Modification.**  The parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

Dated: _____
       Wilmington, Delaware          _____
                                     THE HONORABLE JOHN T. DORSEY
                                     UNITED STATES BANKRUPTCY JUDGE