# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>FTX TRADING LTD., *et al.*,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 22-11068 (JTD)<br><br>(Jointly Administered) |
| ALAMEDA RESEARCH LTD. and FTX TRADING LTD.,<br><br>                     Plaintiffs,<br><br>    - against -<br><br>PLATFORM LIFE SCIENCES INC., LUMEN BIOSCIENCE, INC., GREENLIGHT BIOSCIENCES HOLDINGS, PBC, RIBOSCIENCE LLC, GENETIC NETWORKS LLC, 4J THERAPEUTICS INC., LATONA BIOSCIENCES GROUP, FTX FOUNDATION, SAMUEL BANKMAN-FRIED, ROSS RHEINGANS-YOO, and NICHOLAS BECKSTEAD,<br><br>                     Defendants. | Adv. Pro. No. 23-50444 (JTD)<br><br><br><br><br><br><br><br><br><br>**Hearing Date: February 22, 2024 at 1:00 P.M. (ET)**<br>**Obj. Deadline: February 9, 2024 at 4:00 P.M. (ET)** |

## MOTION OF PLAINTIFFS FOR ENTRY OF AN ORDER (A) AUTHORIZING THE PLAINTIFFS TO ENTER INTO STIPULATION WITH PLATFORM LIFE SCIENCES, INC. (B) APPROVING THE STIPULATION, AND (C) GRANTING RELATED RELIEF

Alameda Research Ltd. ("Alameda") and FTX Trading Ltd. ("FTX") (together, "Plaintiffs") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 9019 of the

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing Plaintiffs to enter into the stipulation of settlement, attached as Exhibit 1 to the Order (the "Stipulation"),[2] between and among (i) Plaintiffs and (ii) Platform Life Sciences, Inc. (a/k/a Purpose Life Sciences, Inc.) incorporated in British Columbia, Canada ("PLS Canada"), and (iii) Platform Life Sciences, Inc., incorporated in Delaware ("PLS Delaware") (collectively, the "Parties"). In support of the Motion, the Plaintiffs respectfully state as follows:

**Preliminary Statement**

1. FTX and Alameda transferred a total of $53,250,000 to PLS Canada between February and June 2022. These transfers took two forms: a purported "donation" to PLS Canada in the name of the FTX Foundation, and investments in PLS Canada in the name of Latona Biosciences Group ("Latona"). Plaintiffs brought this adversary proceeding (the "Latona Proceeding") to avoid these transfers, among other things.

2. The proposed settlement Stipulation obviates the need for further litigation with PLS Canada. Plaintiffs' entry into the Stipulation is in the best interests of their estates, creditors and stakeholders, and should be swiftly consummated. Approval of the Stipulation will resolve Plaintiffs' claims against PLS Canada, including potential claims against its subsidiary PLS Delaware, and deliver significant recovery while avoiding the expense, uncertainty and burden of litigation. The Stipulation satisfies Bankruptcy Rule 9019 and should be approved.

**Background**

3. On November 11 and November 14, 2022 (as applicable, the "Petition Date"),[3] the Debtors filed with the United States Bankruptcy Court for the District of Delaware

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Stipulation.

[3] November 11, 2022 is the Petition Date for all Debtors, except for Debtor West Realm Shires Inc.

(the "Court") voluntary petitions for relief under the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Joint administration of the Debtors' cases (the "Chapter 11 Cases") was authorized by the Court by entry of an order on November 22, 2022 [D.I. 128]. On December 15, 2022, the Office of the United States Trustee for the District of Delaware, appointed the Official Committee of Unsecured Creditors in the Debtors' Chapter 11 Cases, pursuant to section 1102 of the Bankruptcy Code [D.I. 231] (the "Official Committee").

4. Additional factual background relating to the Debtors' businesses and the commencement of these Chapter 11 Cases is set forth in the *Declaration of John J. Ray III in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 24], the *Declaration of Edgar W. Mosley II in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 57], the *Supplemental Declaration of John J. Ray III in Support of First Day Pleadings* [D.I. 92] and the *Supplemental Declaration of Edgar W. Mosley II in Support of First Day Pleadings* [D.I. 93].

5. On December 4, 2022, the Ad Hoc Committee of Non-US Customers of FTX.com (the "Ad Hoc Committee") noticed their appearance [D.I. 185].

**Jurisdiction**

6. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. Pursuant to Local Rule of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") 9013-1(f), Plaintiffs consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

### Relief Requested

7. By this Motion, Plaintiffs request entry of the Order, substantially in the form attached hereto as Exhibit A, (a) authorizing the Plaintiffs to enter into the Stipulation, (b) approving the Stipulation, and (c) granting certain related relief.

### Facts Specific to the Relief Requested

8. Prior to the Petition Date, between February 4, 2022 and June 21, 2022, Alameda and FTX transferred a total of $53,250,000 to PLS Canada (the "Transfers").

9. Plaintiffs believe they have meritorious claims to avoid and recover the Transfers, and related claims arising out of the Transfers. PLS Canada disputes these claims and has raised certain defenses.

10. On July 19, 2023, Plaintiffs commenced the Latona Proceeding by filing a complaint [D.I. 1] asserting fraudulent transfer claims that sought to avoid and recover transfers made by Plaintiffs to PLS Canada and other defendants.

11. On September 15, 2023, PLS Canada moved to dismiss the complaint for lack of personal jurisdiction. [D.I. 35].[4] Plaintiffs opposed the motion. [D.I. 41]. On December 20, 2023, this Court denied the motion without prejudice, and with leave to renew following the completion of jurisdictional discovery. [D.I. 72].

12. On December 22, 2023, Plaintiffs filed an amended complaint. [D.I. 73].

---

[4] PLS Delaware separately moved to dismiss for failure to state a claim [D.I. 37], which was held in abeyance pending resolution of the jurisdictional issue. [D.I. 71].

13.     On January 4, 2024, PLS Canada answered the amended complaint. [D.I. 77].

## Basis for Relief

**I.     The Stipulation Satisfies Bankruptcy Rule 9019 Because It Is Fair, Reasonable and in the Plaintiffs' Best Interests.**

14.     Resolution of the Plaintiffs' claims against PLS Canada through the Stipulation is in the best interests of the Plaintiffs and their estates because it will result in PLS Canada promptly returning $16,000,000—representing two thirds of PLS Canada's remaining cash—to Plaintiffs' estates.  This return exceeds that which Plaintiffs would likely obtain in litigation given PLS Canada's representations about (i) its limited remaining funds and inability to raise additional funds, (ii) the substantial drain on PLS Canada's resources that would result from further litigation, and (iii) the cost of PLS Canada's ongoing clinical trials that would proceed in parallel with this litigation.  Settlement on the proposed terms is thus a reasonable exercise of the Plaintiffs' business judgment satisfying Bankruptcy Rule 9019.

15.     Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Compromises and settlements are "a normal part of the process of reorganization." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.* v. *Anderson,* 390 U.S. 414, 424 (1968) (*TMT Trailer Ferry*) (quoting *Case v. L.A. Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).  The compromise or settlement of litigation, especially in the bankruptcy context, is encouraged and "generally favored in bankruptcy" as such settlements "minimize litigation and expedite the administration of the estate." *In re World Health Alts., Inc.*, 344 B.R. 291, 295-96 (Bankr. D. Del. 2006).

16.     "[T]he decision whether to approve a compromise under [Bankruptcy] Rule 9019 is committed to the sound discretion of the Court, which must determine if the

compromise is fair, reasonable, and in the interest of the estate." *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). Courts should not, however, substitute their judgment for that of the debtor, but instead should canvass the issues to see whether the compromise falls below the lowest point in the range of reasonableness. *See In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re W.T. Grant and C*o., 699 F.2d 599, 608 (2d Cir. 1983); *see also In re World Health*, 344 B.R. at 296 ("[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'") (internal citations omitted). Taken together, section 105(a) and Bankruptcy Rule 9019(a) grant a bankruptcy court the power to approve a proposed compromise and settlement when it is in the best interests of the debtor's estate and its creditors. *See In re Marvel Ent. Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. at 801.

    17. The Third Circuit Court of Appeals has enumerated four factors that should be considered in determining whether a compromise should be approved: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996); *accord In re Nutraquest, Inc.*, 434 F.3d 639, 644 (3d Cir. 2006) (finding that the *Martin* factors are useful when analyzing a settlement of a claim against the debtor as well as a claim belonging to the debtor); *see also TMT Trailer Ferry*, 390 U.S. at 424; *In re Marvel Ent. Grp., Inc.*, 222 B.R. at 243 (proposed settlement held in best interest of the estate); *In re Mavrode*, 205 B.R. 716, 721 (Bankr. D.N.J. 1997). The test boils down to whether the terms of the proposed compromise fall "within a reasonable range of litigation possibilities." *In re Washington Mut.*,

*Inc.*, 442 B.R. 314, 328 (Bankr. D. Del. 2011); *see In re Pa. Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992) (citations omitted).

18. In addition, Bankruptcy Code section 105(a) provides, in pertinent part, that the "[c]ourt may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

19. The terms of the proposed Stipulation fall well within the range of reasonableness and should be approved by the Court. The terms of the Settlement Agreement provide for the return of $16 million immediately, while avoiding the risks of litigation, the time and expense of pursuing the claims against PLS Canada, and further dissipation of PLS Canada's assets. Accordingly, the compromises set forth in the Stipulation are, in the aggregate, fair and equitable, fall well within the range of reasonableness, and satisfy each applicable *Martin* factor.

    a.    **The Probability of Success in Litigation and Subsequent Collection**

20. Plaintiffs maintain that they have meritorious claims to recover the full amount of the Transfers. However, Plaintiffs would need to spend significant time and resources proving their claims and obtaining a favorable judgment against PLS Canada, including, potentially, enforcing that judgment abroad. Following completion of jurisdictional discovery, which itself would be costly and consume some of PLS Canada's remaining funds, PLS Canada may renew its motion to dismiss for lack of personal jurisdiction. If granted, the motion would end the case and require Plaintiffs to file a new lawsuit against PLS Canada in Canada.

21. Even if Plaintiffs were to succeed in defeating a renewed motion to dismiss for lack of personal jurisdiction, PLS Canada would assert various defenses to the claims, contesting, among other things, Plaintiffs' assertions with respect to insolvency, the nature and purpose of the transfers to PLS Canada, as well as whether the Plaintiffs received reasonably equivalent value in return.

22.     Given the attendant risks and costs of litigation, the fact that further litigation and PLS Canada's ongoing clinical trials would further deplete PLS Canada's limited funds, and the favorable terms of the settlement, Plaintiffs submit that the proposed Stipulation is in the best interests of the Plaintiffs' estates.

### b. The Complexity of the Litigation and the Attendant Expense, Inconvenience, and Delay Are Unwarranted

23.     Litigation of Plaintiffs' claims against PLS Canada would be complex, expensive, and time-consuming.  In addition to the risk of a renewed personal jurisdiction motion discussed above, pursuit of the claims would require litigating the sufficiency of evidence for various theories of recovery for multiple transfers, including the circumstances of each transfer and the intent of Mr. Bankman-Fried and others in connection with these transfers.  Mr. Bankman-Fried and other former executives of Plaintiffs are unlikely to be available to testify on issues relating to the claims in the near term due to ongoing criminal proceedings, which further complicates the litigation and timing of resolution.

### c. The Paramount Interests of Creditors are Served.

24.     The Stipulation is in the best interests of the Plaintiffs' creditors because it promptly brings the substantial majority of PLS Canada's remaining funds into the Plaintiffs' estates without time consuming and costly litigation.

25.     Therefore, in the Plaintiffs' business judgment, the value of entering into the Stipulation exceeds the net benefits that Plaintiffs and their estates potentially could obtain by pursuing litigation of claims against PLS Canada.  Based on the foregoing, Plaintiffs submit that the Stipulation satisfies the *Martin* factors and Bankruptcy Rule 9019 because it is fair, reasonable, and in the best interests of Plaintiffs, their estates, and their stakeholders.  As a result, Plaintiffs respectfully request that the Court authorize the Plaintiffs to enter into the Stipulation and approve its terms.

**Waiver of Bankruptcy Rule 6004(h)**

26.     Given the nature of the relief requested herein, Plaintiffs respectfully request a waiver of the 14-day stay under Bankruptcy Rule 6004(h) to the extent such stay applies.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until expiration of 14 days after entry of the order, unless the court orders otherwise."  For the reasons described above, Plaintiffs submit that ample cause exists to justify a waiver of the 14-day stay to the extent such stay applies.

**Reservation of Rights**

27.     Nothing in this Motion:  (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against Plaintiffs or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of Plaintiffs or their estates to contest the validity, priority, or amount of any claim against Plaintiffs or their estates; or (c) shall otherwise impair, prejudice, waive, or otherwise affect the rights of Plaintiffs or their estates with respect to any and all claims or causes of action against any third party except as otherwise set forth herein or in the Stipulation.

**Notice**

28.     Notice of this Motion has been provided to:  (a) the U.S. Trustee; (b) counsel to the Official Committee; (c) counsel to the Ad Hoc Committee (d) the Securities and Exchange Commission; (e) the Internal Revenue Service; (f) the United States Department of Justice; (g) the United States Attorney for the District of Delaware; (h) counsel to the defendants in the Latona Proceeding; (i) counsel for the Joint Official Liquidators of FTX Digital Markets Ltd.; (j) the United States Attorney for the Southern District of New York; and to the extent not listed herein, (k) those parties requesting notice pursuant to Bankruptcy Rule 2002.

Plaintiffs submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## Conclusion

WHEREFORE, for the reasons set forth herein, Plaintiffs respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: January 26, 2024<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>/s/ *Matthew B. McGuire*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Kimberly A. Brown (No. 5138)<br>Matthew R. Pierce (No. 5946)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>E-mail: landis@lrclaw.com<br>          mcguire@lrclaw.com<br>          brown@lrclaw.com<br>          pierce@lrclaw.com<br><br>-and-<br><br>**SULLIVAN & CROMWELL LLP**<br>Steven L. Holley (admitted *pro hac vice*)<br>Stephanie G. Wheeler (admitted *pro hac vice*)<br>Brian D. Glueckstein (admitted *pro hac vice*)<br>Christopher J. Dunne (admitted *pro hac vice*)<br>Jacob M. Croke (admitted *pro hac vice*)<br>125 Broad Street<br>New York, NY 10004<br>Telephone: (212) 558-4000<br>Facsimile: (212) 558-3588<br>Email: holleys@sullcrom.com<br>          wheelers@sullcrom.com<br>          gluecksteinb@sullcrom.com<br>          dunnec@sullcrom.com<br>          crokej@sullcrom.com<br><br>*Counsel for Plaintiffs* |