## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| ALAMEDA RESEARCH LTD. and FTX TRADING LTD., | Adv. Pro. No. 23-50444 (JTD) |
| Plaintiffs, | |
| -against- | |
| PLATFORM LIFE SCIENCES INC., LUMEN BIOSCIENCE, INC., GREENLIGHT BIOSCIENCES HOLDINGS, PBC, RIBOSCIENCE LLC, GENETIC NETWORKS LLC, 4J THERAPEUTICS INC., LATONA BIOSCIENCES GROUP, FTX FOUNDATION, SAMUEL BANKMAN-FRIED, ROSS RHEINGANS-YOO, and NICHOLAS BECKSTEAD, | |
| Defendants. | |

### REVISED CASE MANAGEMENT PLAN AND SCHEDULING ORDER

1. This Revised Case Management Plan and Scheduling Order (the "CMO") shall apply in the above-captioned adversary proceeding.

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification number are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

    a. The term "<u>Amended Complaint</u>" as used herein shall mean the amended complaint filed in the above-captioned adversary proceeding on December 22, 2023.

    b. The term "<u>Defendant</u>" as used herein shall mean Samuel Bankman-Fried ("<u>Bankman-Fried</u>").[2]

    c. Defendant reserves all rights, claims, and defenses, other than those relating to service of process or sufficiency of process.

2. Defendant shall have until April 11, 2024 to answer, move against, or otherwise respond to the Amended Complaint.

    a. Moving briefs, if any, shall be due on April 11, 2024;

    b. Oppositions to any motion to dismiss shall be due on May 15, 2024; and

    c. Replies shall be due on June 14, 2024.

3. The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Court.

    a. **Initial Disclosures.** Each party shall serve its initial disclosures required by Rule 26(a)(1) (BR 7026) no later than April 19, 2024.

    b. **Fact Discovery.**

        i. The parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery on or after April 19, 2024.

        ii. The parties may serve on non-parties subpoenas for documents pursuant to Rule 45 (BR 9016) on or after April 19, 2024. The parties agree that the party or attorney who issues such a subpoena shall, within three business days of receipt of responsive materials, use best efforts to produce such materials to all other parties in the form in which they were received.

        iii. The parties shall substantially complete their production of documents in response to document requests served on or before July 26, 2024, by September

---

[2] Plaintiffs have recently reached settlements in principle, subject to definitive documentation and court approval, with all defendants other than Defendant Bankman-Fried. The Debtors intend promptly to file 9019 motions seeking approval of these settlements. Plaintiffs and defendants other than Bankman-Fried have agreed to hold in abeyance any discovery pending court approval of these settlements.

        27, 2024 (it being understood that Parties will produce responsive materials on a rolling basis in advance of such date).

    iv.    The parties shall provide logs of documents withheld or redacted on privilege grounds by October 11, 2024.

    v.    Deposition notices or non-party subpoenas seeking deposition testimony shall be served no less than 14 days prior to the deposition date. The parties shall work to find mutually agreeable deposition dates wherever practicable.

    vi.    Fact discovery shall be completed by November 22, 2024.

c. **Expert Discovery.**

    i.    Plaintiffs' initial expert reports shall be served by December 6, 2024.

    ii.    Defendant's expert reports—including rebuttal reports in response to Plaintiffs' initial expert reports and expert reports on a subject not addressed in Plaintiffs' initial expert reports—shall be served by January 3, 2025.

    iii.    In the event that Defendant's expert reports address a subject not addressed in Plaintiffs' initial expert reports, Plaintiffs may serve a rebuttal expert report in response thereto by January 31, 2025.

    iv.    All expert reports must satisfy the requirements of Bankruptcy Rule 7026.

    v.    Expert depositions shall be completed by March 10, 2025.

d. **Motions.**

    i.    Motions for summary judgment shall be due no later than April 4, 2025.

    ii.    Oppositions to any such motions shall be due no later than May 2, 2025.

    iii.    Replies shall be due no later than May 30, 2025.

5. **Jurisdiction.** Nothing in this CMO shall be deemed a waiver of any Defendant's rights under Local Rule 9013-1(f) or other jurisdictional objections or objections to the extraterritorial application of certain law.

6. **Modification.** The parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

Dated: January 30th, 2024  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE