**<u>Exhibit 1</u>**

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| ALAMEDA RESEARCH LTD. and FTX TRADING LTD., | |
| Plaintiffs, | |
| - against - | Adv. Pro. No. 23-50444 (JTD) |
| PLATFORM LIFE SCIENCES INC., LUMEN BIOSCIENCE, INC., GREENLIGHT BIOSCIENCES HOLDINGS, PBC, RIBOSCIENCE LLC, GENETIC NETWORKS LLC, 4J THERAPEUTICS INC., LATONA BIOSCIENCES GROUP, FTX FOUNDATION, SAMUEL BANKMAN-FRIED, ROSS RHEINGANS-YOO, and NICHOLAS BECKSTEAD, | |
| Defendants. | |

## STIPULATION

This stipulation ("Stipulation") is being entered into between Alameda Research Ltd. and FTX Trading Ltd. (together, "Plaintiffs"), Platform Life Sciences, Inc. (also known as Purpose Life Sciences, Inc.), incorporated in British Columbia, Canada ("PLS Canada"), and its wholly-

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

owned subsidiary Platform Life Sciences, Inc., incorporated in Delaware ("PLS Delaware"). Plaintiffs, PLS Canada, and PLS Delaware are each a "Party" and collectively, the "Parties."

**WHEREAS**, on November 11, 2022, Plaintiffs each filed petitions for voluntary relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases" and each a "Chapter 11 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are being jointly administered in the case captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.);

**WHEREAS**, on July 19, 2023, Plaintiffs commenced Adversary Proceeding No. 23-50444 (the "Adversary Proceeding") in the Bankruptcy Court against PLS Canada and others by filing a complaint [D.I. 1], which Plaintiffs subsequently amended [D.I. 73] on December 22, 2023. Plaintiffs assert in the Adversary Proceeding, among other things, certain fraudulent transfer claims (the "Claims") that sought to avoid certain transfers made to PLS Canada;

**WHEREAS**, the Parties have been engaged in good-faith, arm's-length negotiations about resolving the Claims;

**WHEREAS**, in order to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to effect a final settlement and resolution of the Claims asserted against PLS Canada in the above-referenced Adversary Proceeding; and

**WHEREAS**, Plaintiffs, in the exercise of their business judgment, have concluded that final settlement and resolution of the Claims against PLS Canada in the Adversary Proceeding in accordance with the terms of this Stipulation is in the best interest of Plaintiffs, their creditors and other stakeholders.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1. **Settlement Payment**. PLS Canada will pay to the Plaintiffs the sum of sixteen million dollars ($16,000,000) in U.S. dollars (the "Settlement Amount") within thirty (30) days after the later of (i) the Effective Date (as defined below) and (ii) PLS Canada's receipt of payment instructions and such additional information as is necessary for PLS Canada to properly disburse, record and account for the payment, all to be provided by the Plaintiffs.

2. **Bankruptcy Court Approval**. This Stipulation among the Parties is subject in all respects to the approval of the Bankruptcy Court. Plaintiffs shall file a motion, in a form reasonably acceptable to PLS Canada and PLS Delaware, seeking approval of the Stipulation (the "Approval Motion") within fourteen (14) days following execution of this Stipulation by all Parties. In the event that the Bankruptcy Court declines to approve this Stipulation, or the order approving the Stipulation (the "Approval Order") does not become final and non-appealable, this Stipulation shall become null and void and of no further force and effect.

3. **Effective Date**. The terms of this Stipulation shall be effective upon the Approval Order becoming final and non-appealable (the "Effective Date").

4. **Dismissal With Prejudice**. Within five (5) business days of receipt by the Plaintiffs of the Settlement Amount from PLS Canada in accordance with paragraph 1, Plaintiffs shall file with the Bankruptcy Court a notice of dismissal with prejudice of the Claims against PLS Canada in the Adversary Proceeding (the "Notice of Dismissal").

5. **Release of Claims by PLS Canada and PLS Delaware**. Upon the filing of the Notice of Dismissal set forth in paragraph 4, PLS Canada and PLS Delaware release, waive, discharge, settle, and compromise any claims, causes of actions, liens, rights and remedies they have, had or may have against Plaintiffs, their directors, officers, employees, affiliates, representatives, agents, attorneys and advisors arising out of or relating to the Claims, whether


known or unknown, liquidated or unliquidated, contingent or non-contingent; provided, however, that the foregoing shall not release any obligations under or claim for breach of this Stipulation.

6. **Release of Claims by Plaintiffs**. Upon the filing of the Notice of Dismissal set forth in paragraph 4, Plaintiffs release, waive, discharge, settle, and compromise any claims, causes of actions, liens, rights and remedies they have, had or may have against PLS Canada and PLS Delaware, their directors, officers, employees, affiliates, representatives, agents, attorneys and advisors arising out of or relating to the Claims, whether known or unknown, liquidated or unliquidated, contingent or non-contingent; provided, however, that the foregoing shall not release any obligations under or claim for breach of this Stipulation.

7. **Express Preservation of Claims by the Plaintiffs**. For the avoidance of doubt, notwithstanding the foregoing, the releases of claims shall not include those claims asserted by the Plaintiffs against any defendants in the Adversary Proceeding other than PLS Canada and PLS Delaware.

8. **Discovery**. Following execution of this Stipulation by all Parties, the Parties agree to hold in abeyance all party discovery in the Adversary Proceeding pending Bankruptcy Court approval as set forth in paragraph 2.

9. **Reservation of Rights**. Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

10. **No Admission of Wrongdoing**. This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights. The Stipulation shall not be construed as an admission of liability.

11. **Good Faith and Understanding**. The Parties expressly represent and warrant that this Stipulation is given in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise. The Parties represent and warrant that they have read and understand the terms of this Stipulation. The Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

12. **Cooperation**. Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court and entry of the Approval Order, and to effectuate its terms.

13. **Counterparts**. The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

14. **Jurisdiction and Choice of Law**. The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation. This Stipulation shall be governed by the laws of the State of Delaware. In the event that the Bankruptcy Court declines to approve this Stipulation, or the Approval Order does not become final and non-appealable, nothing contained herein shall constitute a consent to jurisdiction by PLS Canada in the Adversary Proceeding, or a waiver of any Parties' rights with respect to such jurisdictional issues.

**AGREED BY**:

January 18, 2024

*[signature: Stephanie G. Wheeler]*
**SULLIVAN & CROMWELL LLP**

Stephanie G. Wheeler (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: wheelers@sullcrom.com
gluecksteinb@sullcrom.com

*Counsel for Plaintiffs*

/s/ James O'Neill
**PACHULSKI STANG ZIEHL & JONES LLP**
James E. O'Neill (DE Bar No. 4042)
Alan J. Kornfeld (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
Tavi C. Flanagan (admitted *pro hac vice*)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899
Telephone: (302) 778-6407
Email: joneill@pszjlaw.com
akornfeld@pszjlaw.com
dgrassgreen@pszjlaw.com
tflanagan@pszjlaw.com

*Counsel for PLS Canada and PLS Delaware*