**Exhibit 3**

**Settlement Stipulation with GreenLight Biosciences Holdings, PBC**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FTX TRADING LTD., *et al.*,[1] | Case No. 22-11068 (JTD) |
| Debtors. | (Jointly Administered) |
| ALAMEDA RESEARCH LTD. and FTX TRADING LTD., | |
| Plaintiffs, | |
| - against - | Adv. Pro. No. 23-50444 (JTD) |
| PLATFORM LIFE SCIENCES INC., LUMEN BIOSCIENCE, INC., GREENLIGHT BIOSCIENCES HOLDINGS, PBC, RIBOSCIENCE LLC, GENETIC NETWORKS LLC, 4J THERAPEUTICS INC., LATONA BIOSCIENCES GROUP, FTX FOUNDATION, SAMUEL BANKMAN-FRIED, ROSS RHEINGANS-YOO, and NICHOLAS BECKSTEAD, | |
| Defendants. | |

### STIPULATION OF SETTLEMENT

This stipulation of settlement ("Stipulation") is being entered into between Alameda Research Ltd. ("Alameda") and FTX Trading Ltd. ("FTX," together, with Alameda, "Plaintiffs"), and GreenLight Biosciences Holdings, PBC ("GreenLight"). Plaintiffs and GreenLight are each a "Party" and are referred to collectively as the "Parties."

---

[1] The last four digits of FTX Trading Ltd.'s and Alameda Research LLC's tax identification numbers are 3288 and 4063, respectively. Due to the large number of debtor entities in these Chapter 11 Cases, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/FTX. The principal place of business of Debtor Emergent Fidelity Technologies Ltd is Unit 3B, Bryson's Commercial Complex, Friars Hill Road, St. John's, Antigua and Barbuda.

-1-

**WHEREAS**, on August 11, 2022, Alameda transferred $5,550,000 to GreenLight, in exchange for Latona Biosciences Group ("Latona") acquiring 1,403,061 shares of GreenLight common stock;

**WHEREAS**, on November 11, 2022, Plaintiffs each filed petitions for voluntary relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases" and each a "Chapter 11 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which cases are being jointly administered in the case captioned *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.);

**WHEREAS**, on July 19, 2023, Plaintiffs commenced Adversary Proceeding No. 23-50444 (the "Adversary Proceeding") in the Bankruptcy Court against GreenLight, other lifesciences defendants,[2] Latona, Ross Rheingans-Yoo (who was the Executive Director of Latona), Samuel Bankman-Fried, and Nick Beckstead by filing a complaint [Adv. D.I. 1] that asserted, among other things, fraudulent transfer claims against the Small Lifesciences Defendants relating to the transfers they had received from Alameda (the "Adversary Claim"). Plaintiffs subsequently filed an amended complaint [Adv. D.I. 73] on December 22, 2023.

**WHEREAS**, on July 24, 2023, GreenLight, which was acquired in an all-cash, go-private transaction, completed a tender offer pursuant to which GreenLight purchased all of Latona's outstanding GreenLight shares in exchange for $420,918.30 in consideration ("Tender Offer Consideration");

---

[2] The life sciences defendants that Plaintiffs sued were GreenLight, Platform Life Sciences, Inc. ("PLS"), Lumen Bioscience, Inc., Rib oscience LLC, Genetic Networks LLC, and 4J Therapeutics Inc. This Stipulation refers to all of the lifesciences defendants, except PLS, as the "Small Lifesciences Defendants."

**WHEREAS**, after being notified by the Debtors about the filing of the Adversary Proceeding, Greenlight held and did not distribute, pending resolution of the Adversary Proceeding, the $420,918.30 in Tender Offer Consideration owed to Latona;

**WHEREAS**, on November 1, 2023, Plaintiffs entered into a stipulation with the Small Lifesciences Defendants ("the "Stay Stip.") [Adv. D.I. 64], pursuant to which the Small Lifesciences Defendants agreed that, in connection with any resolution between Plaintiffs and Rheingans-Yoo and Latona, the Small Lifesciences Defendants would "work to facilitate[ ] the transfer to one or both of the Plaintiffs . . . all rights and interests that Latona currently has in the Small Lifesciences Defendants" (Stay Stip. ¶ 2);

**WHEREAS**, Plaintiffs entered into a stipulation of settlement with Latona and Rheingans-Yoo, dated April 11, 2024, pursuant to which Latona agreed to assign and transfer to Alameda all of Latona's rights and interests in the Small Lifesciences Defendants;

**WHEREAS**, the Parties have been engaged in good-faith, arm's-length negotiations about resolving the Adversary Claim;

**WHEREAS**, in order to avoid the expense, burden and inconvenience of litigation, the Parties desire and intend to effect a final settlement and resolution of the Adversary Claim; and

**WHEREAS**, Plaintiffs, in the exercise of their business judgment, have concluded that final settlement and resolution of the Adversary Claim in accordance with the terms of this Stipulation is in the best interest of Plaintiffs, their creditors and other stakeholders.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by and among the undersigned counsel for the Parties as follows:

1. **Settlement of Adversary Claim**. GreenLight agrees to assign to Alameda Latona's right to receive the $420,918.30 in tender offer consideration ("Rights Transfer"). Within

ten (10) business days after the latter of (i) the Effective Date and (ii) GreenLight's receipt of payment instructions and such additional information as is necessary for GreenLight to properly disburse, record, and account for the payment to be provided to Alameda, GreenLight shall wire the sum of $420,918.30 to Alameda.

2.  **Bankruptcy Court Approval**.  This Stipulation is subject in all respects to the approval of the Bankruptcy Court.  Plaintiffs shall file a motion, in a form reasonably acceptable to GreenLight, seeking approval of the Stipulation (the "Approval Motion") within fourteen (14) days following execution of this Stipulation by all Parties.  In the event that the Bankruptcy Court declines to approve this Stipulation, or the order approving the Stipulation (the "Approval Order") does not become final and non-appealable, this Stipulation shall become null and void and of no further force and effect.

3.  **Effective Date**.  The terms of this Stipulation shall become effective upon the Approval Order becoming final and non-appealable (the "Effective Date").

4.  **Dismissal**.  Within five (5) business days of GreenLight's completion of the Rights Transfer, Plaintiffs shall file with the Bankruptcy Court a notice of dismissal of the Adversary Claim against GreenLight pursuant to Fed. R. Civ. P. 40(a)(1) (the "Notice of Dismissal").

5.  **Mutual Releases**.  Upon the filing of the Notice of Dismissal pursuant to paragraph 4, each Party unconditionally and irrevocably releases, acquits and forever discharges the other Party and its officers, members, directors, employees, agents, attorneys and stockholders from any and all claims, counterclaims, demands, liabilities, suits, debts, costs, expenses, and causes of action, at law or in equity, including, but not limited to, claims for interest, compensatory, exemplary, statutory, punitive or restitutionary damages, and expert or attorneys' fees and costs,

related to the Adversary Claim; provided, however, that the foregoing shall not release any obligations under or claim for breach of this Stipulation.

6.  **Express Preservation of Claims by the Plaintiffs**.  For the avoidance of doubt, notwithstanding the foregoing, Plaintiffs' release of Claims in paragraph 5 above shall not include any claims asserted by Plaintiffs against any Defendants in the Adversary Proceeding other than GreenLight.

7.  **Reservation of Rights**.  Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against any other Party.

8.  **No Admission of Wrongdoing**.  This Stipulation does not constitute an admission by any of the Parties of any wrongful action or violation of any federal, state, or commonwealth statutory or common law rights, or any other possible or claimed violation of law or rights.  The Stipulation shall not be construed as an admission of liability.

9.  **Good Faith and Understanding**.  The Parties expressly represent and warrant that this Stipulation is entered into in good faith and acknowledge that execution of this Stipulation is not the product or result of any duress, economic or otherwise.  The Parties represent and warrant that they have read and understand the terms of this Stipulation.  The Parties further represent and warrant that each individual signing the Stipulation on behalf of such Party is fully authorized to sign on behalf of said Party.

10.  **Cooperation**.  Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the Bankruptcy Court and entry of the Approval Order, and to effectuate its terms.

11.  **Authorization**.  The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and

deliver this Stipulation on behalf of, and to bind, each of the Parties, as applicable, to the terms and conditions of this Stipulation.

12. **Counterparts**.  The Parties may execute this Stipulation in multiple counterparts, each of which constitutes an original as against the Party that signed it, and all of which together constitute one agreement.

13. **Effectiveness**.  This Stipulation shall become effective upon the execution of the same by all Parties and delivery of counterparts of such signatures to the other Party.  The Parties irrevocably consent to the jurisdiction of the Bankruptcy Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waive any right to commence any such action in any other forum.

**AGREED BY:**

April 16, 2024

*[signature: Stephanie G. Wheeler]*

**SULLIVAN & CROMWELL LLP**

Stephanie G. Wheeler (admitted *pro hac vice*)
Brian D. Glueckstein (admitted *pro hac vice*)
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
E-mail:  wheelers@sullcrom.com
         gluecksteinb@sullcrom.com

*Counsel for Plaintiffs*

*[signature]*

**POTTER ANDERSON & CORROON LLP**

Aaron H. Stulman
1313 N. Market Street,
6th Floor
Wilmington, DE 19801-6108
Telephone: (302) 984-6081
E-mail:  astulman@potteranderson.com
-and-

**CONN KAVANAUGH ROSENTHAL PEISCH & FORD, LLP**

Kenneth N. Thayer
One Federal Street,
15th Floor
Boston, MA 02110
Telephone: (617) 348-8211
E-mail:  kthayer@connkavenaugh.com

*Counsel for GreenLight*